UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23575

PATRICIA SEVERINO,

    Plaintiff,

vs.

7-ELEVEN, INC.,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Patricia Severino, sues Defendant, 7-Eleven, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Patricia Severino**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained a place of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions at issue were made in this District.

4. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

1

5. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Patricia Severino, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

6. Defendant was Plaintiff's employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

7. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

8. Defendant was at all times material engaged in interstate commerce in the course of its operation of convenience stores across the United States, its sale of goods, materials, drinks, and supplies that moved in interstate commerce.

9. Defendant also engages in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state payors.

10. Furthermore, Defendant obtains, solicits, exchanges and sends funds to and from outside of the State of Florida, regularly and recurrently uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

11. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

12. Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

13. Plaintiff was a non-exempt employee of Defendant.

14. Plaintiff consents to participate in this lawsuit.

15. Plaintiff worked for Defendant, since approximately November 2020 until May 2, 2023.

16. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendant.

17. Plaintiff worked for Defendant at its store located at 15201 S. Dixie Highway from June 2, 2022, to May 2, 2023.

18. Defendant agreed to pay Plaintiff a rate of $15.45 per hour for the time worked at the store located at 15201 S. Dixie Highway.

19. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendant while at the store located at 15201 S. Dixie Highway.

20. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times of Plaintiff's regular hourly rate(s) of pay for all of the hours worked beyond 40 hours in a given workweek as a result of Plaintiff's manager cutting her time.

21. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times of Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time.

3

22. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant was not required to pay all the overtime worked, and/or Defendant concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

23. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Patricia Severino, demands the entry of a judgment in her favor and against Defendant 7-Eleven, Inc., after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

4

## **COUNT II – RETALATORY DISCHARGE IN VIOLATION OF THE FLSA**

Plaintiff, Patricia Severino, reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

24. Defendant transferred Plaintiff to the store located at 15201 S. Dixie Highway so she could train to become a manager while at that store.

25. Plaintiff noticed that although she worked overtime, her manager would cut her hours before them being reflected on her paycheck, resulting in Plaintiff not being paid for the overtime hours she worked.

26. Plaintiff then objected and/or complained to Defendant, including to her District Manager on or about April 27/28, 2023, about Defendant's failure to pay overtime wages calculated at one and one-half times her regular rate of pay for all of the hours that she was working beyond 40 hours in a workweek.

27. Plaintiff complained to Defendant that it was actually violating her FLSA rights by failing to pay her the overtime wages that she earned.

28. Within a short time thereafter, Defendant retaliated against Plaintiff by terminating Plaintiff's employment as a result of her objection(s)/complaint(s) about not being paid overtime wages for all of the overtime hours worked.

29. Section 215(a)(3) of 29 U.S.C. makes it unlawful for an employer to retaliate against an employee who seeks to enforce her rights under the FLSA.

30. Defendants violated 29 U.S.C. §215(a)(3) of the FLSA and showed reckless disregard for the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because she objected/complained about not receiving overtime pay for all of the overtime hours that worked.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

31. Plaintiff suffered the loss of her job, income, identity, and suffered emotional losses as a direct and proximate result of Defendants' retaliatory conduct.

WHEREFORE Plaintiff Patricia Severino, demands the entry of a judgment in her favor and against Defendant, 7-Eleven, Inc., after trial by jury and as follows:

a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, and future lost wages;

b. That Plaintiff recover for the mental anguish and distress caused by Defendant's retaliatory conduct;

c. That Plaintiff recover liquidated damages in an amount equal to the total of the compensatory damages awarded to her as provided under the law and in 29 U.S.C. § 216(b)

d. That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

e. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

f. That Plaintiff recover all interest allowed by law; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Patricia Severino, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of September 2023,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
