UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23575-RNS

PATRICIA SEVERINO,

    Plaintiff,

v.

7-ELEVEN, INC.,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendant 7-ELEVEN, INC. ("7-Eleven"), by counsel, and in accordance with the Court's September 26, 2023, Order Requiring Statement of Claim and Response in FLSA Case (ECF No. 8), hereby states as follows in response to Plaintiff, Patricia Severino's Statement of Claim (ECF No. 12):

1.    On October 21, 2023, Plaintiff served her Statement of Claim on 7-Eleven and the Court. Plaintiff's Statement of Claim alleges that between June 2, 2022, and May 3, 2023, Plaintiff worked 7.5 overtime hours per week, for every week worked, for which she went uncompensated. ECF No. 12, ¶ 4. As a result, Plaintiff claims she is owed $8,308.43 in overtime wages. Plaintiff further contends that she is owed $12,776.00 in past and future lost wages in relation to her alleged FLSA Retaliation claim. ECF No. 12, ¶¶ 6-7. Accordingly, Plaintiff alleges that her unliquidated damages are $21,084.43. Plaintiff also alleges that she is entitled to liquidated damages plus reasonable attorneys' fees and costs. ECF No. 12, ¶ 9.

2.    7-Eleven denies it violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and denies that Plaintiff is entitled to any relief, including overtime pay, liquidated damages, attorneys' fees, and costs as described in Plaintiff's Complaint

and Statement of Claim.  7-Eleven further denies that it retaliated against Plaintiff in violation of the FLSA.  Rather, Plaintiff was properly paid in accordance with the FLSA and was terminated due to violation of company policy, not in retaliation for her alleged FLSA complaints.

3. Using the relevant dates in Plaintiff's Statement of Claim, from June 2, 2022 through June 16, 2022, Plaintiff was employed as an Assistant Store Manager at 7-Eleven Store No. 37613.  From June 17, 2022, through October 6, 2022, Plaintiff was employed as an Acting Store Leader of 7-Eleven Store No. 24558 located in Palmetto Bay, Florida (the "Store").  Plaintiff was then demoted to Assistant Store Manager on October 7, 2022, and remained in that position until May 9, 2023, at which point she was terminated with a last day actually worked of May 3, 2023.

4. 7-Eleven will establish that Plaintiff's FLSA claim is devoid of merit.  The time and pay records evidence that Plaintiff was properly compensated for all hours worked in accordance with the FLSA, including for any overtime hours Plaintiff worked.

5. 7-Eleven uses timekeeping software in which employees are responsible for clocking in and out.  7-Eleven prohibits off-the-clock work.  Employees have the opportunity to review their time at the end of the workweek to ensure that their time is captured accurately.

6. From the time period of May 14, 2022, to February 23, 2023, with minor exceptions, Plaintiff was in charge of reviewing and approving her own payroll.

7. Even if Plaintiff is entitled to any overtime compensation, which she is not, there is absolutely no evidence to support an allegation that 7-Eleven willfully violated the FLSA, thus precluding any award of liquidated damages in this case.  7-Eleven will prove during the course of this lawsuit that it has acted in good faith in payment of the Plaintiff such that Plaintiff would not be entitled to recover liquidated damages, even if she were able to prove liability.

CASE NO.: 1:23-CV-23575-RNS

8.     7-Eleven will similarly establish that Plaintiff's FLSA retaliation claim with respect to her termination is devoid of merit.  At no point did Plaintiff raise with any 7-Eleven supervisor concerns over non-payment of overtime hours worked in violation of the FLSA.  While Plaintiff did raise concerns in April of 2023 regarding payment of wages, those concerns were due to a reporting error and non-payment for Plaintiff's <u>total</u> weekly work hours, not specifically overtime wages or any alleged FLSA complaint.  Further, 7-Eleven quickly addressed this concern and paid Plaintiff all wages owed, including overtime.  This is the only wage concern Plaintiff raised during the relevant time frame in Plaintiff's Statement of Claim.  In reality, Plaintiff was terminated for violation of company policies, largely related to an incident occurring on or about May 2, 2023, wherein Plaintiff stole and/or assisted in the theft of items from the Store.

9.     7-Eleven's investigation of Plaintiff's claims is in its early stages and is ongoing. As discovery progresses in this action, 7-Eleven reserves the right to modify and supplement its response, to produce documents supporting its defenses, and to assert additional defenses.

WHEREFORE, 7-Eleven states, in response to Plaintiff's Statement of Claim, that Plaintiff is not entitled to any overtime pay for hours worked over forty (40) in a given week, as she was properly compensated for all hours worked.  7-Eleven further states that it did not retaliate against Plaintiff in violation of the FLSA as Plaintiff did not engage in protected activity under the FLSA, and Plaintiff was terminated for legitimate business reasons unrelated to Plaintiff's alleged engagement in FLSA protected activity.  Plaintiff has no evidence to support her calculation of damages or her retaliation claim, and there is no evidence to support any possible claim that 7-Eleven violated the FLSA, or that it owes any overtime wages, liquidated damages or any other relief to Plaintiff.

Dated this 27th day of October, 2023.

        Respectfully submitted,

        WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
Facsimile: (954) 764-7770

By: _/s/ Samuel I. Zeskind_
    Brett J. Schneider, Esq.
    Florida Bar No.: 012443
    Email: bschneider@wsh-law.com
    Samuel Zeskind, Esq.
    Florida Bar No. 043033
    Email: szeskind@wsh-law.com

WELTER LAW FIRM, P.C.
20130 Lakeview Center Plaza, Suite 400
Ashburn, VA 20147
Telephone: (703) 435-8500
Facsimile: (703) 435-8851
Eric A. Welter, Esq.
*Pro Hac Vice forthcoming*
Email: eaw@welterlaw.com

CASE NO.: 1:23-CV-23575-RNS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2023, I electronically filed the foregoing document with the Clerk of Court using CME/CF.  I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CME/CF.

/s/ *Samuel I. Zeskind*
Samuel I. Zeskind