UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23575-RNS

PATRICIA SEVERINO,

    Plaintiff,
v.

7-ELEVEN, INC.,

    Defendant.
_____/

## DEFENDANT 7-ELEVEN, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, 7-ELEVEN, INC. ("Defendant" or "7-Eleven"), hereby files its First Amended Answer and Affirmative Defenses to the Complaint filed by Plaintiff, PATRICIA SEVERINO ("Plaintiff"), and state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Upon information and belief, 7-Eleven admits the allegations of Paragraph 1.

2. 7-Eleven does not dispute this Court's jurisdiction over Plaintiff's federal claims. 7-Eleven denies Plaintiff has alleged any Florida state law claim.

3. 7-Eleven does not dispute that Venue is appropriate in this jurisdiction. 7-Eleven denies that "most if not all of the operational decisions at issue were made in this District."

4. 7-Eleven lacks sufficient knowledge and information regarding the allegations of Paragraph 4 and, therefore, denies the allegations of Paragraph 4.

5. 7-Eleven lacks sufficient knowledge and information regarding the allegations of Paragraph 5 and, therefore, denies the allegations of Paragraph 5.

CASE NO.: 1:23-CV-23575-RNS

## **COUNT I – FLSA OVERTIME WAGE VIOLATION(S)**

7-Eleven incorporates its responses to Paragraphs 1-5 of the Complaint as if fully set forth herein.

6. The allegations of Paragraph 6 contain legal conclusions to which no response is required. To the extent a response may be required, 7-Eleven does not dispute that it was, at one point, Plaintiff's employer.

7. 7-Eleven admits the allegations of Paragraph 7.

8. 7-Eleven admits the allegations of Paragraph 8.

9. 7-Eleven admits the allegations of Paragraph 9.

10. 7-Eleven admits the allegations of Paragraph 10.

11. 7-Eleven admits the allegations of Paragraph 11.

12. The allegations of Paragraph 12 contain legal conclusions to which no response is required. To the extent a response may be required, 7-Eleven admits that it employed Plaintiff as an hourly employee.

13. 7-Eleven admits the allegations of Paragraph 13.

14. Upon information and belief, 7-Eleven admits the allegations of Paragraph 14.

15. 7-Eleven admits the Plaintiff worked for 7-Eleven but denies the dates of employment stated in Paragraph 15 are accurate.

16. 7-Eleven admits that 7-Eleven possesses records with the exact dates of Plaintiff's employment. 7-Eleven denies the remaining allegations of Paragraph 16.

17. 7-Eleven admits the Plaintiff worked at the 7-Eleven store located at 15201 S. Dixie Highway from June 17, 2022 to May 9, 2023.

18. 7-Eleven denies the allegations of Paragraph 18.

19. 7-Eleven denies the allegations of Paragraph 19, as characterized.

20. 7-Eleven denies the allegations of Paragraph 20.

21. 7-Eleven denies the allegations of Paragraph 21.

22. 7-Eleven denies the allegations of Paragraph 22.

23. 7-Eleven denies the allegations of Paragraph 23.

7-Eleven denies that Plaintiff is owed any damages or relief as requested in the "WHEREFORE" paragraph of Plaintiff's Count I.

## **COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF THE FLSA**

7-Eleven incorporates its responses to Paragraphs 1-23 of the Complaint as if fully set forth herein.

24. 7-Eleven admits the allegations of Paragraph 24.

25. 7-Eleven denies the allegations of Paragraph 25.

26. 7-Eleven denies the allegations of Paragraph 26.

27. 7-Eleven denies the allegations of Paragraph 27.

28. 7-Eleven admits Plaintiff was terminated on May 9, 2023. The remaining allegations of Paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, 7-Eleven denies the remaining allegations of Paragraph 28.

29. The allegations of Paragraph 29 contain a legal statement of law to which no response is required.

30. The allegations of Paragraph 30 contain legal conclusions to which no response is required. To the extent a response may be required, 7-Eleven denies the allegations of Paragraph 30.

31. 7-Eleven denies the allegations of Paragraph 31.

7-Eleven denies that Plaintiff is owed any damages or relief as requested in the "WHEREFORE" paragraph of Plaintiff's Count II.

32. Defendant denies each and every allegation in the Complaint not specifically admitted herein. Defendant further denies that there is any issue to be tried.

## JURY DEMAND

7-Eleven demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent they fail to allege sufficient facts to state a claim upon which relief can be granted. Plaintiff's claims are further barred, in whole or in part, to the extent Plaintiff seeks remedies other than those provided by statute.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff was properly compensated under the FLSA.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff may not recover for non-compensable preliminary or postliminary work.

### Fourth Affirmative Defense

Plaintiff's claims are barred to the extent defendant did not have actual or constructive knowledge of any such hours allegedly worked.

### Fifth Affirmative Defense

In the event plaintiff is otherwise entitled to an award of liquidated damages against defendant (which plaintiff is not), plaintiff is not entitled to prejudgment interest.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because defendant did not fail to pay final wages when due.

### Seventh Affirmative Defense

Plaintiff's FLSA claim is barred under a good faith extension of the *Farragher/Ellerth* defense and/or the FLSA's safe harbor provision in that Defendant at all times acted in good faith and had a policy requiring Plaintiff to report any unpaid wages, overtime, or retaliation. Plaintiff unreasonably failed to take advantage of this policy and failed to notify Defendant that she felt she was owed unpaid wages.

### Eighth Affirmative Defense

Plaintiff's retaliation claim is barred from the relief Plaintiff seeks by virtue of the following:

A. The doctrine of estoppel as Plaintiff shall not recover for overtime hours to the extent they contradict Plaintiff's prior representations as to Plaintiff's hours of work.;

B. The doctrine of waiver; and/or

C. The doctrine of unclean hands.

### Ninth Affirmative Defense

Plaintiff's retaliation is barred from the relief Plaintiff seeks as she has a duty to mitigate alleged losses (assuming any entitlement to recovery) and, on information and belief, Plaintiff has not satisfied her duty to mitigate.

### Tenth Affirmative Defense

To the extent of their good faith conformance and reliance on a written order, ruling, approval or interpretation by the Administrator of the Wage/Hour Division of the Department of Labor, Defendant is relieved of any liability to Plaintiff.

### Eleventh Affirmative Defense

Plaintiff is not entitled to recover liquidated damages as to because at all times, Defendant acted in good faith and at no time during her employment until the filing of this lawsuit did Plaintiff ever allege or bring to Defendant's attention the fact that Plaintiff felt that she was owed any additional unpaid compensation.

### Twelfth Affirmative Defense

Any recovery by Plaintiff must be offset by (1) any amounts Defendant paid Plaintiff for hours which were not actually worked by Plaintiff; (2) any other overpayments Defendant made to Plaintiff; and, with respect to Plaintiff's retaliation claim, (3) any amounts or benefits paid to Plaintiff for lost wages, compensatory damages, or fees from any other source.

### Thirteenth Affirmative Defense

To the extent Plaintiff was entitled to overtime and was not paid, such overtime worked by Plaintiff beyond her compensated workweek was *de minimis*.

### Fourteenth Affirmative Defense

Plaintiff's FLSA claim is barred by the doctrine of estoppel for overtime hours to the extent they contradict her prior representations as to her hours of work.

CASE NO.: 1:23-CV-23575-RNS

**Fifteenth Affirmative Defense**

Plaintiff's retaliation claim is barred to the extent that discovery shows Plaintiff engaged in misconduct prior to, during, or in connection with her employment that otherwise would have resulted in her discharge if such conduct were then known to Defendant.

**Sixteenth Affirmative Defense**

Plaintiff's employment with 7-Eleven was separated for a legitimate, non-retaliatory reason.  Alternatively, 7-Eleven would have taken the same personnel actions despite any proven discriminatory or retaliatory motive.

Defendant reserves the right to raise additional defenses as discovery may reveal.

WHEREFORE, Defendant 7-eleven respectfully requests that this Court: (i) enter judgment in its favor and against Plaintiff; (ii) award Defendant the cost of suit herein; (iii) award Defendant its reasonable attorneys' fees as may be determined by the Court; and (iv) grant such other and further relief as this Court may deem just and proper.

CASE NO.: 1:23-CV-23575-RNS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2023, I electronically filed the foregoing document with the Clerk of Court using CME/CF.  I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CME/CF.

Respectfully submitted,

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
200 East Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Telephone: (954) 763-4242
Facsimile: (954) 764-7770

By: ___/s/  Samuel I. Zeskind_____
   Brett J. Schneider, Esq.
   Florida Bar No.: 012443
   Email: bschneider@wsh-law.com
   Samuel Zeskind, Esq.
   Florida Bar No. 043033
   Email: szeskind@wsh-law.com

WELTER LAW FIRM, P.C.
20130 Lakeview Center Plaza, Suite 400
Ashburn, VA 20147
Telephone: (703) 435-8500
Facsimile: (703) 435-8851
Eric A. Welter, Esq.
*Pro Hac Vice forthcoming*
Email: eaw@welterlaw.com