UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23575-SCOLA/GOODMAN

PATRICIA SEVERINO,

    Plaintiff,

vs.

7-ELEVEN, INC.,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Counsel for Plaintiff, Patricia Severino, and for Defendant, 7-Eleven, Inc., after having met and conferred, submit the following Joint Scheduling Report pursuant to Local Rule 16.1B(2) and this Court's Order entered on September 25, 2023 [ECF No. 8]:

**(A)  The Likelihood of Settlement**

Settlement may be possible in this action seeking unpaid overtime wages and retaliation (plus liquidated damages, costs, and attorneys' fees) under the Fair Labor Standards Act. 7-Eleven remains open to good faith meaningful settlement discussions.

**(B)  The Likelihood of Appearance in the Action of Additional Parties**

Plaintiff is not seeking to certify a class.

**(C)  Proposed Limits on Time**

    i. <u>To join other parties and to amend the pleadings:</u> by December 8, 2023.

    ii. <u>To file motions:</u> by March 1, 2024.

    iii. <u>To complete fact discovery:</u> by February 16, 2024.

**(D)  Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

The parties agreed that they will work together in good faith to simply the issues for trial, including reaching stipulations of fact and as to the authenticity of documents, and if appropriate, filing of any motion for summary judgment as to issues of law.

**(E)     The Necessity or Desirability of Amendments to the Pleadings**

The Defendant anticipates amending its Answer and Affirmative Defenses. Counsel for Plaintiff has consented to this amendment. The parties do not anticipate any additional amendments to the pleadings.

**(F)     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence**

The parties will utilize admissions of fact and stipulations regarding authenticity of documents to avoid unnecessary proof.

**(G)     Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

None other than in (F), above.

**(H)     Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

In addition to those matters required by this Court's September 25, 2023 Order to be referred to a Magistrate Judge, it is likely that motions concerning discovery, for costs, for attorneys' fees, for sanctions or contempt, and other pre-trial matters (but not the trial on the merits) could be referred to a Magistrate Judge for resolution.

**(I)     A Preliminary Estimate of the Time Required for Trial.**

A Preliminary estimate of the time required for trial is three days by jury.

**(J)** **Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial**

1. **Trial** – June 28, 2024
2. **Pre-trial Conference** – June 18, 2024
3. **Joint Pre-trial Stipulation** – May 31, 2024
4. **Motion in Limine deadline** – April 23, 2024
5. **Completion of Mediation** – March 15, 2024

**(K)** **Any Issues Regarding:**

1. **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced**

    The Parties agree that ESI likely exists that is subject to discovery or disclosure. The parties agree that the provisions of FRCP 26(b)(1) and 26(b)(2)(B) currently in effect shall apply to ESI. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable .pdf or .tiff format unless commercially unreasonable or specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

    Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply to requests that are otherwise not objectionable: (1) To the extent that the parties request non-electronic files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the reasonable cost of assembling the requests. The parties shall meet and confer in an effort to avoid court intervention about which party should bear the cost of assembling responsive files and documents to broad and burdensome requests; and (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, and the request for inspection is not objected to, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

    The parties anticipate that they will produce electronically stored information relating to Plaintiff's days and hours worked, pay, and any deductions in pay in both paper and electronic formats, to the extent it exists. The electronic formats are likely to include those that are capable of being opened by Microsoft Word, Microsoft Excel, and through Adobe. With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that are calculated to lead to relevant evidence, including evidence which may not be admissible but is relevant or could lead to relevant evidence. The parties agree that such discussions may be used in connection with any motion to compel.

The parties stipulate that all depositions in this case will be conducted in person unless otherwise impractical. If impractical, the parties may agree to conduct depositions remotely via video conferencing (or telephonic conferencing if video conferencing is not reasonably available). The deponent must appear via video, requiring an internet-enabled device with a microphone or camera and a stable internet connection. The parties further stipulate that these depositions will be considered to have taken place in the Southern District of Florida.

2. **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

    If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared with respect to all items withheld on the basis of a claim of privilege or work product protection, except the following: written communications between a named party and its trial counsel after commencement of the action filed. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

    If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved. An inadvertent disclosure of privileged information shall not constitute a waiver of the attorney-client privilege.

    The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

    The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)** **<u>Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference</u>**

None at this time, although there are pattern jury instructions applicable to actions for unpaid overtime wages and retaliatory discharge under the FLSA. There is no need for a variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure

Dated this 8th day of November 2023.

| | |
|---|---|
| <u>s/Brian H. Pollock, Esq.</u><br>Brian H. Pollock, Esq. (174742)<br>brian@fairlawattorney.com<br>FAIRLAW FIRM<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33146<br>Tel:    305.230.4884<br>*Counsel for Plaintiff* | <u>s/Samuel I. Zeskind, Esq.</u><br>Samuel I. Zeskind, Esq. (043033)<br>szeskind@wsh-law.com<br>WEISS SEROTA HELFMAN<br>COLE & BIERMAN, P.L.<br>200 East Broward Boulevard, Suite 1900<br>Fort Lauderdale, FL 33301<br>Tel: 954.963.4242<br>*Counsel for Defendant* |