UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23575-RNS

PATRICIA SEVERINO,

      Plaintiff,

v.

7-ELEVEN, INC.,

      Defendant.

_____/

## AMENDED JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff PATRICIA SEVERINO ("Plaintiff" or Severino") and Defendant, 7-ELEVEN, INC. ("Defendant" or "7-Eleven"), by counsel, hereby jointly move the Court for approval of the parties' settlement of this matter. Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA") must be approved by the Court.

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in either of two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores*, 679 F .2d at 1353. In discussing the approval of FLSA settlements the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides

some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

In the case at bar, Plaintiff alleges that 7-Eleven violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), by failing to properly compensate Plaintiff at a rate equal to one and one-half times her regular rate for all hours Plaintiff worked over forty in any given work week due to her claim that the 7-Eleven did not pay her for all overtime hours worked. Plaintiff also claims she was subject to a retaliatory discharge in violation of Section 215(a)(3) of the FLSA following alleged complaints about the failure to pay her overtime wages for all the overtime hour she worked.

7-Eleven denies that Plaintiff was not properly compensated for all overtime hours work, and denies Plaintiff complained about a failure to pay overtime. 7-Eleven further denies that Plaintiff suffered any retaliation for any alleged complaint regarding her overtime wages.

Prior to resolving this case, the parties exchanged information and materials, which included 7-Eleven sharing the time and pay records for Ms. Severino and certain other digital materials relevant to the claims and defenses. Based on the information and materials shared, the parties were able to evaluate the strengths and weaknesses of their respective claims and defenses more thoroughly. This information exchange also made the parties' settlement discussions more productive.

On December 19, 2023, Severino and 7-Eleven reached a settlement of all claims against 7-Eleven.  The settlement was reached through discussions between counsel after the exchange of documents amongst the parties.  The settlement apportioned $4,000 to Plaintiff's FLSA claims, which represents more money than Plaintiff's time records reflect she would be owed in alleged unpaid overtime wages.  7-Eleven vehemently denies the allegations that Plaintiff's time was manipulated by her supervisor.  Plaintiff was the Acting Store Leader responsible for payroll at the store at which she worked for the period prior to September 2022, so she could only claim alleged unpaid overtime compensation for the period from September 2022 to her termination on May 2, 2023.  7-Eleven not only vehemently denies that Plaintiff complained about any unpaid overtime wages, but also that it retaliated against her.  7-Eleven maintains that it terminated Plaintiff's employment for legitimate business reasons that were not related to any complaint about her pay.  In furtherance, 7-Eleven shared digital information with Plaintiff that would likely foreclose any claim of retaliatory discharge from proceeding to trial.

The parties agree that this settlement is a fair and reasonable compromise of all of Plaintiff's claims against 7-Eleven, including her claims for attorneys' fees and costs.  A copy of the executed Settlement Agreement, with the total settlement figure and settlement figures related to Plaintiff's non-FLSA claims redacted, has been filed with the Court .  Plaintiff was represented by experienced FLSA counsel throughout these proceedings.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the attorneys' fees paid to counsel, Plaintiff and Defendant respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court

retain jurisdiction over this matter for a period of 60 days to enforce the parties' Settlement Agreement.

Dated this 10th day of January, 2024. Respectfully Submitted,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

s/Samuel I. Zeskind, Esq.
Samuel I. Zeskind, Esq. (043033)
szeskind@wsh-law.com
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
200 East Broward Boulevard, Suite 1900
Fort Lauderdale, FL 33301
Tel: 954.963.4242
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2024, I electronically filed the foregoing document with the Clerk of Court using CME/CF.  I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CME/CF.

Respectfully submitted,

By: */s/ Samuel I. Zeskind*
    Samuel Zeskind, Esq.