UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23575-SCOLA

PATRICIA SEVERINO,

    Plaintiff,

vs.

7-ELEVEN, INC.,

    Defendant.

_____/

## SUPPLEMENTAL JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff PATRICIA SEVERINO ("Plaintiff" or Severino") and Defendant, 7-ELEVEN, INC. ("Defendant" or "7-Eleven"), by counsel, hereby jointly move the Court to reconsider its approval of the parties' settlement of this matter based on the following good cause:

### RELEVANT FACTUAL AND PROCEDURAL HISTORY

1. Plaintiff was an hourly employee who worked for 7-Eleven in South Florida since approximately November 2020.

2. 7-Eleven terminated Plaintiff's employment on May 2, 2023.

3. Plaintiff secured replacement employment within a few weeks from the termination of her employment.

4. Plaintiff then filed this lawsuit, claiming that she was not paid for all the overtime hours she worked because she was required to work several hours of undocumented overtime each week and that 7-Eleven terminated her employment because she complained about her unpaid overtime wages. [ECF No. 1.] Plaintiff alleged that 7-Eleven violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), by failing to properly compensate her at a rate equal to one and one-

half times her regular rate for all hours worked over forty in any given work week due to her claim that the 7-Eleven did not pay her for all overtime hours worked. *Id.* Plaintiff also claimed she was subject to a retaliatory discharge in violation of Section 215(a)(3) of the FLSA following alleged complaints about the failure to pay her overtime wages for all the overtime hours she worked. *Id.*

5. 7-Eleven responded to the Complaint by denying that Plaintiff was not properly compensated for all overtime hours work or that Plaintiff complained about a failure to pay overtime. [ECF No. 11.] 7-Eleven further denied that Plaintiff suffered any retaliation for any alleged complaint regarding her overtime wages and maintained that it terminated her employment for legitimate, non-retaliatory business reasons. *Id.*

6. Plaintiff filed her Statement of Claim estimating that she was owed $8,308.43 in unpaid overtime wages and $12,776.00 in past and future lost wages for her retaliatory discharge claim ($3,000 in lost wages and $9,766 from the future wage differential). [ECF No. 12.]

7. 7-Eleven responded to the Statement of Claim by contending that Plaintiff worked as an Assistant Store Manager at one of its stores, transferred to another store, and promoted to an Acting Store Leader at another store, and then demoted back to an Assistant Manager position before being terminated. Defendant explained that Plaintiff was responsible for reviewing and approving her own payroll, that it corrected a payroll in April of 2023, and that it was reviewing the circumstances surrounding the termination of Plaintiff's employment. [ECF No. 13.]

8. The parties next exchanged information, which included 7-Eleven's Rule 26 Disclosures and its production of the time and pay records for Plaintiff, its personnel records for her, communications relating to her job performance, relevant policies and procedures, and video footage of an incident involving Plaintiff from May 2, 2023, that 7-Eleven contended to have led to Plaintiff's termination.

9. The disclosure by 7-Eleven of the aforementioned documents and materials impacted the parties' respective evaluation(s) of the claims and defenses and served as a catalyst for the parties' already ongoing settlement negotiations.

10. Based on the information and documents establishing Plaintiff's authority, her knowledge of documenting complaints about her pay, the lack of documentation regarding her pay, and the video footage from May 2, 2023, the parties agreed that Plaintiff's claims were not very strong and negotiated a settlement for her by taking into account the probability of success (or lack thereof), the range of possible recovery for Plaintiff, and costs associated with protracted litigation.

11. The parties ultimately resolved Plaintiff's claims by separately negotiating the amounts payable to Plaintiff for her claims ($6,000.00) and the amounts payable to her counsel for attorney's fees and costs ($9,000.00); consequently, the amounts payable to Plaintiff were not impacted by the attorney's fees and costs to be paid to her counsel.

12. The fees and costs payable to Plaintiff's counsel under the parties' settlement agreement do not exceed the time and expenses actually incurred by her counsel in litigating this case for Plaintiff.

## MEMORANDUM OF LAW

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in either of two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores*, 679 F .2d at 1353. In discussing the approval of FLSA settlements the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. Although the Court must scrutinize the settlement to ensure it is fair and reasonable, the Court need not undertake a lodestar review of the attorney's fees for reasonableness if the parties separately negotiated the amounts payable to Plaintiff and her counsel. *Bonetti v. Embarq Mgt. Co.*, 715 F.Supp. 2d 1222, 12228 (M.D. Fla. 2009).

On December 19, 2023, Severino and 7-Eleven reached a settlement of all claims against 7-Eleven after extensive negotiations. The settlement was reached through discussions between counsel after they exchanged documents and materials. The settlement apportioned $4,000 to Plaintiff's FLSA claims, which represents more money than Plaintiff's time records reflect she would be owed in alleged unpaid overtime wages. 7-Eleven vehemently denies the allegations that Plaintiff's time was manipulated by her supervisor. Plaintiff was the Acting Store Leader responsible for payroll at the store at which she worked for the period prior to September 2022, so she could only claim alleged unpaid overtime compensation for the period from September 2022 to her termination on May 2, 2023. 7-Eleven not only vehemently denies that Plaintiff complained about any unpaid overtime wages, but also that it retaliated against her. 7-Eleven maintains that it terminated Plaintiff's employment for legitimate business reasons that were not related to any complaint about her pay. In furtherance, 7-Eleven shared digital footage depicting Plaintiff and certain circumstances that would likely foreclose any claim of retaliatory discharge from proceeding to trial.

The parties separately negotiated for Plaintiff's counsel to receive $9,000.00 in attorney's fees ($8,546.40) and costs ($453.60). The amount to be paid to Plaintiff's counsel through the settlement agreement represents a compromise of the attorney's fees actually incurred in representing Plaintiff.

The parties agree that this settlement is a fair and reasonable compromise of all of Plaintiff's claims against 7-Eleven, including her claims for attorneys' fees and costs. A copy of the executed Settlement Agreement is appended hereto as Exhibit "A.". Plaintiff was represented by experienced FLSA counsel throughout these proceedings.

Given that the settlement is fair and reasonable on its face and that Plaintiff's recovery was not adversely affected by the attorneys' fees paid to her counsel, Plaintiff and Defendant respectfully request that the Court approve their Settlement Agreement and dismiss this case with prejudice, with each party to bear its own costs, fees, and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the Court's dismissal with prejudice of this action conditioned upon the Court approving the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 60 days to enforce the parties' Settlement Agreement.

Respectfully submitted this 19th day of January 2024,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

s/Samuel I. Zeskind, Esq.
Samuel I. Zeskind, Esq. (043033)
szeskind@wsh-law.com
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
200 East Broward Boulevard, Suite 1900
Fort Lauderdale, FL 33301
Tel: 954.963.4242
*Counsel for Defendant*