## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE (this "Agreement"), is entered into by and among 7-Eleven (as defined below), and Patricia Severino ("Severino") an individual residing in the State of Florida.

WITNESSETH:

WHEREAS, Severino filed a civil action with the United States District Court for the Southern District of Florida, Civil No.: 1:23-CV-23575, alleging violations of the Fair Labor Standards Act ("FLSA") and retaliatory discharge in violation of the FLSA;

WHEREAS, it is the desire of 7-Eleven and Severino by this Agreement to fully, completely and permanently resolve all of Severino's Claims (as hereinafter defined), including, but not limited to, those arising out of or related to Severino's employment and separation from employment with 7-Eleven; and

NOW, THEREFORE, for and in consideration of the promises and the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. <u>Definitions</u>. The undersigned agree that the following definitions shall apply in the construction and interpretation of this Agreement:

    (a) "Affiliate" means a corporation, partnership or other entity controlled by, in control of, or under common control with 7-Eleven, Inc. or any of its Affiliates, but excludes any store or establishment owned by a franchisee of 7-Eleven, Inc.

    (b) "Claim" means any and all demands, legal rights, causes of action, suits, losses, liabilities, claims of damages, claims of exemplary damages, derivative rights, including rights of contribution, claims of contractual liability, claims for civil or criminal penalties, claims for attorneys' fees, judgments, claims for costs and expenses of any type whatsoever known or unknown, contingent or fixed, liquidated or unliquidated, that have or could have been asserted as a result of or that have arisen or at any time in the future may arise out of or be in any way connected with, directly or indirectly, any event which occurred on or before the date of this Agreement.

    (c) "Person" includes any individual, corporation, joint venture, general or limited partnership, trust, organization, association or other entity.

    (d) "7-Eleven" means 7-Eleven, Inc., a Texas corporation, any predecessor or current or former parent, subsidiary, or other Affiliate of 7-Eleven, Inc., or successor of any of them, or benefit plan maintained by any of them, and the current and former directors, officers, partners, employees, associates, stockholders, and agents of any or all of them, and

any Persons acting by, through or under or in concert with any of them in their official and individual capacities, past or present.

2. <u>Relinquishment of Claims</u>.

(a) For and in consideration of the receipt by Severino of the Settlement Benefits (as hereinafter defined) and the mutual promises contained herein, Severino does hereby unconditionally remise, release and forever discharge and acquit 7-Eleven from and of any and all Claims of whatever kind or nature, whether vicarious, derivative or direct, which Severino, or any Person claiming by, through or under her may have against 7-Eleven, including, but not limited to, any Claims, whether based in tort or contract, express or implied, or any federal, state or local law, statute or regulation, known or unknown, fixed or contingent, which Severino, her heirs or assigns or administrators may have, have had or ever have against 7-Eleven and its Affiliates including but not limited to all matters, causes or things whatsoever, that were or have been or could have in any way been alleged in any suit, resulting from, growing out of, connected with, or related in any way to the formation of Severino's employment relationship, her employment relationship, or the termination of her employment relationship with 7-Eleven or otherwise based on events taking place prior to the Effective Date of this Agreement. This release includes, but is not limited to, Claims arising under federal, state or local laws, prohibiting employment discrimination (for example, age, sex, color, race, national origin, religion or disability status), including the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act of 1974, the Equal Pay Act, the Family and Medical Leave Act, or the Florida Civil Rights Act or Claims growing out of any other legal restrictions upon 7-Eleven's right to terminate its employees, and is further intended to include, but not be limited to, any claims or demands for damages (actual or punitive), back wages, future wages or front pay, commissions, bonuses, medical expenses and the costs of any counseling, reinstatement or priority placement, promotion, vacation leave benefits, past and future medical or other employment benefits including contributions to any employee benefit plans, compensatory damages, injunctive relief, liquidated damages, penalties, equitable relief, attorneys' fees, costs of court, disbursements, interest, loss of consortium damages, and any and all other loss, expense, or detriment of whatever kind or character, resulting from, growing out of, connected with, or related in any way to the formation of Severino's employment relationship, Severino's employment relationship with 7-Eleven, or the termination of her employment relationship with 7-Eleven or otherwise based on events taking place prior to the Effective Date of this Agreement.

Nothing in this agreement is intended to waive any retirement benefits to which Severino is already entitled under the terms of the retirement plan.

(b) Severino further hereby agrees not to institute any actions or lawsuits, or otherwise assert or attempt to assert any Claim or causes of action, whether known or unknown, against 7-Eleven, including, but not limited to, any Claims or causes of action based on, or with respect to, any matter, growing out of, connected with, or related in any way to the formation of Severino's employment relationship, her employment relationship, occurrences,

acts or omissions during or after her employment relationship, or the termination of her employment relationship with 7-Eleven or otherwise based on events taking place prior to the Effective Date of this Agreement. This covenant not to sue includes, but is not limited to, any Claims for employment discrimination; retaliation; breach of contract (express or implied); breach of the duty of good faith and fair dealing; violation of the public policy of the United States, the State of Florida or any other state or other jurisdiction; intentional or negligent infliction of emotional distress; tortious interference with contract; promissory estoppel; detrimental reliance; defamation of character; duress; negligent misrepresentation; intentional misrepresentation or fraud; invasion of privacy; loss of consortium; assault; battery; conspiracy; bad faith; negligent hiring or supervision; attorneys' fees; any intentional or negligent act of personal injury; any alleged act of harassment or intimidation; or any other intentional or negligent tort; or any alleged violation of Title VII of the Civil Rights Act of 1964 (and as amended in 1991); the Age Discrimination in Employment Act; the Americans with Disabilities Act of 1990; the Family and Medical Leave Act; the Employee Retirement Income Security Act of 1974; the Equal Pay Act; the Fair Labor Standards Act; the Fair Credit Reporting Act; the Florida Civil Rights Act, or Florida wage and hour laws or any other federal, state or local law, and further, Severino shall not authorize the bringing of any such action on her behalf by any persons, agency, organization or other entity. Severino also agrees that she will not be a member of any class or group seeking relief from 7-Eleven in any matter relating to her employment, or any action, omission, or event relating to 7-Eleven before the date of this Agreement. Severino further acknowledges and agrees that 7-Eleven does not owe her nor is she entitled to, any wages, bonuses, benefits, stock options, severance pay or any other payments of any kind, other than those specifically referenced herein. Severino acknowledges and agrees that she has not suffered any on the job injury for which Severino has not already filed a workers compensation claim. Severino acknowledges and stipulates that during her employment with 7-Eleven, she was allowed to take all leave and afforded all other rights to which she was entitled under the Family and Medical Leave Act (FMLA); and 7-Eleven has not in any way interfered with, restrained, or denied her exercise of (or attempt to exercise) any FMLA rights, nor terminated or otherwise discriminated against her for exercising (or attempting to exercise) any such rights.

(c) The parties intend, by this Agreement, to fully and finally satisfy, to the extent set forth in this Section 2, the Claims which Severino may have against 7-Eleven and its Affiliates and to preclude, to the extent permitted by law, Severino from asserting any claim for contribution or indemnification relating to the Claims released in this Agreement in the event and to the extent that any such Claims may provide a basis in law for the assertion of a claim for contribution or indemnification.

(d) Excluded from this general release are any claims that cannot be waived by law, including but not limited to the right to participate in an investigation conducted by certain government agencies or the right to receive an award for information provided to any government agency. This agreement is not intended to infringe upon Severino's Section 7 rights under the NLRA or Employee's right to file claims or participate in EEOC and state agency investigations. Severino does, however, waive her right to any monetary recovery from 7-Eleven or reinstatement should any agency (such as the U.S. Equal Employment

Opportunity Commission or the Florida Commission on Human Relations) pursue any claims on her behalf. Also excluded from this general release are any claims that Severino has or may have against any franchisee of 7-Eleven, Inc.

(e) Severino agrees to file a stipulation of dismissal of the civil action pending before the United States District Court for the Southern District of Florida dismissing all claims against 7-Eleven, and all claims that could have been brought against 7-Eleven, with prejudice, each side to bear its own attorneys fees and costs, within five (5) days of receipt of the Settlement Benefits. Severino agrees to file (or join in the filing) of a motion to approve the settlement of her FLSA claim, and agrees and acknowledges that this Agreement is conditioned on the approval by the court in the Civil Action of the settlement and dismissal with prejudice of her FLSA claim.

(f) Severino agrees that if she 7-Eleven proves that she hereafter violates Paragraph 2 and its subparts by filing a Claim against 7-Eleven that is barred by Paragraph 2 and its subparts, Severino shall be liable to 7-Eleven for its reasonable attorneys' fees and other litigation costs incurred in defending against such a Claim.

3. <u>Settlement Benefits</u>. In no event before the 8th day following the execution by Severino of this Agreement (provided Severino has not rescinded said execution), 7-Eleven shall be obligated to pay to Severino, and Severino shall be entitled to receive, subject to the terms and conditions of this Agreement, the benefits set forth below in this Section 3 (the "Settlement Benefits"):

(a) The total sum of Fifteen Thousand and no/100 Dollars ($15,000.00) paid in three separate checks, as follows:

(1) A check representing consideration for the waiver of wage-type claims under the FLSA in the gross amount of Two Thousand and 00/100 Dollars ($2,000.00), less tax and withholdings required by federal, state and local laws, will be made payable to "Patricia Severino." 7-Eleven will report this payment to the Internal Revenue Service and issue a Form W-2. For purposes of calculating taxes and withholdings, this payment will be considered supplemental wages, subject to the federal income tax withholding rate of 22%, as well as any other applicable taxes and/or withholding.

(2) A check representing consideration for the waver of claims for liquidated damages under the FLSA in the gross amount of Two Thousand and 00/100 Dollars ($2,000.00) will be made payable to "Patricia Severino." 7-Eleven will report this payment to the Internal Revenue Service and issue a Form 1099 for Severino.

(3) A check representing consideration for the waiver of non-FLSA wage-type claims in the gross amount of One Thousand and 00/100

Dollars ($1,000.00), less tax and withholdings required by federal, state and local laws, will be made payable to "Patricia Severino." 7-Eleven will report this payment to the Internal Revenue Service and issue a Form W-2. For purposes of calculating taxes and withholdings, this payment will be considered supplemental wages, subject to the federal income tax withholding rate of 22%, as well as any other applicable taxes and/or withholding.

(4)  A check representing consideration for the waiver of non-wage type claims in the gross amount of One Thousand and 00/100 Dollars ($1,000.00), will be made payable to "Patricia Severino." 7-Eleven will report this payment to the Internal Revenue Service and issue a Form 1099 to "Patricia Severino."

(5)  A check representing the remainder of the Settlement Benefits, for Severino's attorneys' fees and costs, in the gross amount Nine Thousand and 00/100 Dollars ($9.000.00), will be made payable to "FairLaw Firm." 7-Eleven will report this payment to the Internal Revenue Service as required by law.

(b)  Severino acknowledges and agrees that neither 7-Eleven nor any of its Affiliates have any legal obligation to provide Settlement Benefits to her other than pursuant to this Agreement. Severino also acknowledges and agrees that her acceptance of the Settlement Benefits and attendant obligations as described in this Agreement is in consideration of the promises and undertakings of 7-Eleven as set forth in this Agreement.

(c)  Severino and FairLaw Firm agree to provide 7-Eleven with executed and completed Form W-9's and acknowledge that 7-Eleven has no duty to provide them with the Settlement Benefits until it is in receipt of executed and completed Form W-9's from both Severino and FairLaw Firm.

4. <u>Representations and Warranties of Severino.</u> Severino expressly represents and warrants that her execution of this Agreement is voluntary, she has been provided with the opportunity to have up to twenty-one (21) days to personally read and review the Agreement, she had an opportunity and has been encouraged to seek the advice of legal counsel of her own choosing and has done so, that this twenty-one (21) day period was sufficient time to consider the contents of this Agreement and that she fully understands the ramifications of her execution thereof. Severino also acknowledges that she has the right for a period of seven (7) days following her execution of this Agreement to rescind by proper notice to 7-Eleven hereunder her execution and agreement to same and that if she does, the Agreement shall be of no force or effect. Severino represents that she has had the opportunity to discuss with an attorney of her choosing the requirements for a waiver under 29 U.S.C. Section 626(f). Severino further represents and warrants that no representations, pressure or inducement has been made to her to enter into this Agreement, except as expressly set forth in this Agreement. The parties agree that any changes to this Agreement (whether material or not) do not restart the twenty-one (21) day consideration period under the Older Workers Benefit Protection Act.

Severino understands that nothing in this Agreement is intended to interfere with or deter her right to challenge the waiver of an ADEA claim or state law age discrimination claim or the filing of an ADEA charge or ADEA complaint or state law age discrimination complaint or charge with the EEOC or any state discrimination agency or commission or to participate in any investigation or proceeding conducted by those agencies. Further, Severino understands that nothing in this Agreement would require her to tender back the money received under this Agreement if Severino seeks to challenge the validity of the ADEA or state law age discrimination waiver, nor does Severino agree to ratify any ADEA or state law age discrimination waiver that fails to comply with the Older Workers' Benefit Protection Act by retaining the money received under the Agreement. Further, nothing in this Agreement is intended to require the payment of damages, attorneys' fees or costs to 7-Eleven should Severino challenge the waiver of an ADEA or state law age discrimination claim or file an ADEA or state law age discrimination suit except as authorized by federal or state law. Notwithstanding the foregoing two sentences, as provided herein Severino also waives any right to recover from 7-Eleven in a civil suit brought by any governmental agency or any other individual on her behalf with respect to any Claim.

5. Confidentiality; Non-Disparagement.

(a) The Parties acknowledge and expressly agree that the subject matter of this lawsuit, the negotiations leading to this Agreement, and the terms and conditions of this Agreement, including, but not limited to, the nature of the Settlement Benefits afforded Severino herein and shall remain strictly confidential. In addition, Severino expressly covenants and warrants that neither she nor her attorneys nor immediate family will disclose to any third party, other than an accountant, attorney, or tax return preparer, or other person having a confidential relationship to them (for example, communicating the source of income to a financial institution), who has a need to know and who has agreed to keep such information confidential, the contents of the terms and conditions of this Agreement nor the substance of the agreements or inducements to enter into this Agreement including, but not limited to, the nature or amounts of the benefits afforded to Severino herein, unless obligated or required to do so by law. It is expressly acknowledged and agreed that this confidentiality provision is an essential aspect of the consideration for 7-Eleven to enter into this Agreement. Severino further acknowledges that a breach of this provision by any third party to whom she has disclosed such information shall constitute a breach by Severino. Severino represents and warrants that, as of the date of this Agreement, she has not violated Section 5(a).

Severino further agrees that she will pay to 7-Eleven the sum of Five Thousand Dollars ($5,000) as liquidated damages and not as a penalty for each proven breach of the confidentiality provision set forth in Section 5(a) of this Agreement. The parties agree that damages for breach of this confidentiality provision would be difficult to estimate, but that the liquidated damages provided herein is a reasonable estimate of the damages that would be suffered for any breach of this confidentiality provision.

(b) Severino further agrees not to make any statement, oral or written, which directly or indirectly impugns the quality or integrity of 7-Eleven or its business practices, or

to make any other disparaging or derogatory remarks about 7-Eleven or its guests, vendors, or customers.

(c) Nothing in this Agreement is intended to interfere with Severino's non-waivable right, without prior notice to 7-Eleven, to provide information to the government, participate in investigations, file a complaint, testify in proceedings regarding Severino's past or future conduct, or engage in any future activities protected under whistleblower statutes, or to receive and fully retain a monetary award from a government-administered whistleblower award program for providing information directly to a government agency.

(d) An individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that is made in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney and solely for the purpose of reporting or investigating a suspected violation of law; or is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Additionally, an individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law may disclose the trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual files any document containing the trade secret under seal; and does not disclose the trade secret, except pursuant to court order.

(e) The parties agree that all requests for employment references or verification to 7-Eleven relating to Severino shall be directed to the automated 1-800 number used by 7-Eleven for employment verification (1-800-367-5690). The parties further agree that the employment verification shall not reference any claim, lawsuit, or the resolution thereof, and shall provide a neutral reference to include only Severino's dates of employment and positions held.

6. Return of Property. Severino represents and warrants that she has returned to the possession of 7-Eleven any and all items of its property, including without limitation her office keys, security access cards, equipment, business records, and personnel data.

7. Other Agreements.

(a) Severino hereby represents and warrants that she (i) has not assigned or transferred to any person any portion of any Claim which is waived, released, or discharged herein, (ii) does not have or know of any outstanding Claims against 7-Eleven other than those released herein and (iii) does not reserve any Claims against 7-Eleven from the effect of this Agreement.

(b)     This Agreement and compliance with it shall not be construed as an admission by 7-Eleven, or any officer, employee or agent of 7-Eleven, of any liability or wrongdoing whatsoever.  7-Eleven specifically disclaims any wrongdoing and disclaims any liability to Severino for any alleged violation of her rights including any violation of any constitutional, statutory, common law or contractual rights.  Severino shall not be considered a prevailing party for any purpose.

(c)     The parties hereto acknowledge that this Agreement, the compromise and settlement evidenced thereby, and any evidence relating thereto, each and all: (i) shall never be admissible as evidence against the Persons herein released in any present or future suit, Claims or proceeding of any nature, except as necessary to enforce rights granted pursuant to this Agreement and the instruments, documents and agreements referenced herein; (ii) but may be asserted by and introduced as evidence for the Persons hereby released as an absolute and final defense and bar to any Claim released herein in any present or future suit or proceeding of any nature.

(d)     The parties hereto agree that the consideration recited herein is the only consideration given or agreed to be given for this Agreement and the amount of such consideration is contractual and not a mere recital.

(e)     In the event that it shall be necessary for 7-Eleven to institute legal action to enforce any of the terms or conditions or provisions contained herein, or for any breach thereof, 7-Eleven shall be entitled to recover its costs and reasonable attorneys' fees from Severino.

(f)     Severino agrees and specifically acknowledges that her employment relationship with 7-Eleven has been permanently and irrevocably severed, that she will not apply for or otherwise seek re-employment with 7-Eleven or any of its Affiliates and that 7-Eleven and its Affiliates have no obligation, contractual or otherwise, to rehire or re-employ her in the future, or to maintain future employment if Severino is inadvertently hired by 7-Eleven by someone without knowledge of this Agreement.  Severino specifically agrees to waive and release any right to or claim for reinstatement of her employment with 7-Eleven.  Severino acknowledges that any refusal by 7-Eleven to rehire her is because of this Agreement and for no other reason.  Severino acknowledges and agrees that this Agreement may be used as a defense to any claim of discriminatory or retaliatory failure to rehire her should she violate this provision and reapply for employment with 7-Eleven and agrees that this provision constitutes a legitimate nondiscriminatory and/or nonretaliatory reason for 7-Eleven refusing to rehire her.  Severino and 7-Eleven agree that this Section 7(f) does not apply to 7-Eleven franchise locations, meaning that nothing herein shall be construed to preclude Severino from seeking employment with any franchisee of 7-Eleven or to require Severino to resign from any employment she has, or hereafter obtains with any franchisee of 7-Eleven.  Should 7-Eleven acquire a franchise location where Severino is employed, this Section 7(f) shall apply once 7-Eleven has completed its acquisition of the franchise location.

(g)     Severino understands and agrees that she is responsible for payment of her share of any taxes which are required to be paid to the State of Florida, the United States Government or any other entity as a result of this settlement. Severino acknowledges that no representations regarding the tax consequences of this settlement have been made to her by 7-Eleven or 7-Eleven's counsel. Severino agrees that, in the event that some federal, state or local agency takes the position that taxes should have been withheld from amounts paid to her or her counsel pursuant to this Agreement, she will be solely responsible for payment of her share of any such alleged tax obligations and will indemnify and hold 7-Eleven harmless from any resulting tax liability, interest or penalty associated therewith. 7-Eleven agrees that if any demand, proceeding, action or suit is brought against it by any federal, state or local agency for any alleged tax liability, interest or penalty associated therewith, 7-Eleven will notify Severino within a reasonable time period after learning of such action or claim.

(h)     Both Parties represent that none of the Settlement Benefits paid under this Agreement are for (i) payment of medical expenses incurred by Severino, or (ii) injuries for which Severino has received or can receive Medicare or Medicaid benefits. Severino nonetheless agrees to indemnify and defend 7-Eleven against any loss or liability it incurs due to Medicare conditional payments related to events underlying this settlement. Nothing in this Agreement prevents either party from: (i) communicating information about this Agreement for compliance purposes under the Medicare Secondary Payer law or the Medicare, Medicaid, and SCHIP Extension Act of 2007; or (ii) otherwise complying with these laws.

(i)     Severino understands and agrees that she is responsible for payment of her own attorneys' fees and costs incurred in connection with this matter and the settlement thereof, other than specifically referenced herein. Severino further understands and agrees that the payments she will receive or that are being made on her behalf under this Agreement include any and all claims for her attorneys' fees and costs and that the release under this Agreement includes any and all claims for attorneys' fees and costs.

(j)     Severino acknowledges that she has carefully read and fully understands the provisions of this Agreement, including the release contained herein, that she has been given the legally required period of time to consider the terms of this Agreement, that she has had sufficient time to consult with her counsel, and that she enters into this Agreement knowingly and voluntarily and not as a result of any pressure, coercion or duress. By executing this Agreement, Severino acknowledges that she has made her own investigation of the facts and is relying solely upon her own knowledge and the advice of her own legal counsel, and knowingly waives any claim that this Agreement was induced by any misrepresentation or nondisclosure and any right to rescind or avoid this Agreement based upon presently existing facts, known or unknown. The Parties stipulate that each Party is relying upon these representations and warranties in entering into this Agreement. These representations and warranties shall survive the execution of this Agreement.

(k)     Each party has had the opportunity to revise, comment upon and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any

party or in favor of any party. This Agreement shall be construed as if the parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8. <u>Notices</u>. Any notice required hereunder will be in writing and shall be effective when personally delivered or when deposited in the United States mail, postage prepaid, certified mail and delivered as follows:

<u>If to Severino:</u>

Patricia Severino
11051 SW 200th St., Apt. 116A
Cutler Bay, FL 33157

<u>If to 7-Eleven:</u>

Allison Bernstein, Esq.
Chief Employment Counsel
7-Eleven, Inc.
P.O. Box 711
Dallas, Texas 75211

9. <u>Miscellaneous</u>.

(a)   This Agreement contains all of the agreements and understandings between the parties and supersedes and replaces any prior negotiations or proposed agreements, written or oral. Each of the parties acknowledges that no other party, nor agent of any other party, has made any statements, understandings, agreements, promises, representations, or warranties whatsoever, express or implied, not contained herein, to induce it to execute this Agreement. This document may not be modified, amended, or altered except by a subsequent writing to be signed by all parties hereto. The parties intend that the releases contained herein be as broad as permitted by law.

(b)   THE VALIDITY, CONSTRUCTION, OPERATION AND EFFECT OF THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF FLORIDA. ANY ACTION TO ENFORCE OR INTERPRET THE TERMS OF THIS AGREEMENT SHALL BE BROUGHT AND MAINTAINED IN FEDERAL OR STATE COURT IN FLORIDA. SEVERINO HEREBY IRREVOCABLY CONSENTS TO THE PERSONAL JURISDICTION OF THE COURTS OF FLORIDA.

(c)   If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void or unenforceable to any extent, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and such invalid or unenforceable part, term or provision shall be deemed not to be a part of this Agreement. The remaining

provisions shall, nevertheless, survive and continue in full force and effect without being affected or invalidated in any way.

(d) The representations and warranties set forth herein shall survive the execution and delivery of this Agreement.

(e) This Agreement shall be effective as of the 8th day after it is signed by Severino ("Effective Date") and shall inure to the benefit of and be binding upon the parties hereto, their respective heirs, successors and assigns. Severino may not assign her rights and obligations under this Agreement without the express written consent of 7-Eleven, and any such purported assignment is null and void.

(f) Each party hereto shall bear its own direct and indirect expenses incurred in connection with the negotiation and preparation of this Agreement and the consummation and performance of the transactions contemplated hereby.

(g) This Agreement may be executed in separate counterparts, any one of which need not contain signatures of more than one party, but all of which taken together will constitute one and the same agreement. Signatures transmitted by facsimile machine or electronically in Portable Document Format (PDF) or similar software shall be treated as originals for purposes of this Agreement. The Agreement may also be signed by DocuSign or other, similar commercially available electronic signature pursuant to U.S. Federal ESIGN Act of 2000, or other applicable law. A copy or .pdf version of this Agreement shall be treated the same as an original for all purposes.

IN WITNESS WHEREOF, the parties have executed this agreement or caused the same to be executed by their duly authorized corporate officers.

**PATRICIA SEVERINO:**

*/s/ Patricia (Dec 19, 2023 14:31 EST)*

Dated: Dec 19, 2023

**7-ELEVEN, INC.:**

*/s/ Allison Bernstein*
DocuSigned by: 437F352DEB454F3...

By: Allison Bernstein

Title: Assistant Secretary

Dated: 12/27/2023